IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MISTY WILLIAMS, individually and as next friend of S.V., a minor, | ) | |
| Plaintiffs, | ) | |
| vs. | ) | Case No. CIV-08-1053-F |
| BRAD HENRY, et al., | ) | |
| Defendants. | ) | |

DEFENDANT TABITHA VANZANDT, FORMERLY MCCURLEY
MOTION TO DISMISS AND BRIEF IN SUPPORT

David Morse, Esq.
124 East Main Street
Norman, OK 73069
Telephone: (405)360-9600
Facsimile: (405) 447-4219
E-mail address for service:
dmorse@pitchlynnlaw.com

ATTORNEY FOR DEFENDANT
TABITHA VANZANDT,
FORMERLY MCCURLEY

Monte E. Johnson
JOHNSON LAW OFFICE
209 North Oak Street
Sallisaw, Oklahoma 74955
Telephone: (918) 775-2223
Facsimile: (918) 775-2246
E-mail address for service:
kassiewebb@aol.com

ATTORNEY FOR DEFENDANT
TABITHA VANZANDT,
FORMERLY MCCURLEY

August 4, 2009

# TABLE OF CONTENTS


| | Page |
|---|---|
| TABLE OF AUTHORITY………………………………………………………………………….. | 2,3 |
| BRIEF IN SUPPORT…………………………………………………………………………… | 4 |
| STANDARD OF REVIEW……………………………………………………………………….. | 4 |
| PROPOSITION I: | |
| PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST DEFENDANT FOR CIVIL CONSPIRACY………………………………………. | 5 |
| PROPOSITION II: | |
| PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST DEFENDANT UNDER 42 U.S.C. § 1985(3)…………………………………….. | 6 |
| PROPOSITION III: | |
| PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST DEFENDANT FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS……….. | 7 |
| PROPOSITION IV: | |
| PLAINTIFF HAS FAILED TO STATE A CLAIM ON BEHALF OF S.V……………………. | 8 |

CASES PAGE

*Beedle v. Wilson,* 422 F.3d 1059, 1063 (10th Cir. 2005)………………………………………………… 4

*Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)……………………………………………………………………… 4

*Brock v. Thompson,* 948 P.2d 279, 294 (Okla. 1997)………………………………………………… 5

*Crosswhite v. Brown,* 424 F.2d 495, 496 (10th Cir. 1970)……………………………………………… 7

*Fernandez v. Mora-San Miguel Elec. Co-op., Inc*., 462 F.3d 1244, 1252 (10th Cir. 2006)…………………………………………………………………………………5

*Ishmael v. Andrew,* 137 P.3d 1271, 1277 (Okla Civ. App. 2006)……………………………………… 7,8

*Miner v. Mid-America Door Co.,* 68 P.3d 212, 223 (Okla. Civ. App. 2003)…………………………… 8

*Tilton v. Richardson,* 6 F.3d 683, 686 (10th Cir. 1993)…………………………………………………… 6

*Tonkovich v. Kansas board of Regents,* 159 F.3d 504, 533 (10th Cir. 1998)……………………………5

STATUTES

42 U.S.C. § 1985(3)………………………………………………………………………………………….. 6,7

RULES

12(b)(6)……………………………………………………………………………………………………….. 4

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MISTY WILLIAMS, individually and as next friend of S.V., a minor, | ) | |
| Plaintiffs, | ) | |
| vs. | ) | Case No. CIV-08-1053-F |
| BRAD HENRY, et al., | ) | |
| Defendants. | ) | |

DEFENDANT TABITHA VANZANDT, FORMERLY MCCURLEY'S
MOTION TO DISMISS AND BRIEF IN SUPPORT

The Defendant, Tabitha VanZandt, formerly McCurley ("Defendant"), files this Motion to Dismiss all of Plaintiff's claims against her pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. In support of this Motion, Defendant submits the following Brief in Support.

BRIEF IN SUPPORT

STANDARD OF REVIEW

In considering a 12(b)(6) motion, the truth of a plaintiff's factual allegations must be viewed in the light most favorable to the plaintiff. *Beedle v. Wilson,* 422 F.3d 1059, 1063 (10th Cir. 2005). In this regard, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41(1957)). Furthermore, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic,* 127 S. Ct. at 1965. The complaint must possess enough heft to "show that the pleader is entitled to relief." *Id.* At 1966. It is the plaintiff's duty to furnish factual "allegations plausible suggesting (not merely consistent with)" an entitlement to relief. *Id.*

PROPOSITION I:

PLAINTIFF HAS FAILED TO STATE A CLAIM
AGAINST DEFENDANT FOR CIVIL CONSPIRACY

Plaintiff claims damages on behalf of herself and S.V. against each named defendant, except Defendant Henry, for all causes of action because she alleges that every Defendant has participated in a civil conspiracy against Plaintiff and S.V. However, Plaintiff's Third Amended Complaint does not set forth sufficient facts to state a claim against Defendant for civil conspiracy which is plausible on its face.

The Oklahoma Supreme Court has held that:

> A civil conspiracy consists of a combination of two or more persons to do an unlawful act, or to do a lawful act by unlawful means. Unlike its criminal counterpart, civil conspiracy itself does not create liability. To be liable the conspirators must pursue an independently unlawful purpose or use an independently unlawful means. There can be no civil conspiracy where the act complained of an the means employed are lawful.

*Brock v. Thompson,* 948 P.2d 279, 294 (Okla. 1997) (emphasis in original). Furthermore, "[a] conspiracy between two or more persons to injure another is not enough; an underlying unlawful act is necessary to prevail on a claim of civil conspiracy." *Id.* At FN67 (citation omitted).

To prevail on a claim of conspiracy, a plaintiff must demonstrate "a single plan, the essential and general scope of which was known to each person who is to be held responsible for its consequences." *Fernandez v. Mora-San Miguel Elec. Co-op., Inc.,* 462 F.3d 1244, 1252 (10th Cir. 2006) (quoting *Snell v. Tunnell,* 920 F.2d 673, 702 (10 Cir. 1990)). Furthermore, a claim of conspiracy requires more than conclusory allegations; in order to state a claim for civil conspiracy, "a plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants." *Tonkovich v. Kansas board of Regents,* 159 F.3d 504, 533 (10th Cir. 1998).

Here , Plaintiff's sole allegations of fact against Defendant are set forth in ¶ 81 of Plaintiff's Third

Amended Complaint. In ¶ 81, Plaintiff alleges that Defendant ordered a t-shirt identifying Defendant as S.V.'s mother causing severe emotional distress to Plaintiff. Plaintiff claims Defendant and her husband Tregg VanZandt, conspired to order the t-shirt and invite the Plaintiff to the game. Assuming Defendant and Tregg VanZandt did conspire to order a t-shirt and invite Plaintiff to a softball game, the act complained of is not an unlawful act. Therefore Plaintiff has failed to state a claim for conspiracy against Defendant with regard to ¶ 81 of her Third Amended Complaint.

PROPOSITION II:
PLAINTIFF HAS FAILED TO STATE A CLAIM
AGAINST DEFENDANT UNDER 42 U.S.C. § 1985(3)

In Count One of the Third Amended Complaint, Plaintiff asserts a claim against each named defendant, except Defendant Henry, pursuant to 42 U.S.C. § 1985(3) "because each and every Defendant has participated in a conspiracy to deprive them of the equal protection of the laws and equal privileges and immunities under the law." However, for the following reasons, Plaintiff has failed to state a claim against Defendant under § 1985(3) upon which relief can be granted.

In order to state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege "(1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom." *Tilton v. Richardson,* 6 F.3d 683, 686 (10th Cir. 1993) Plaintiff has wholly failed to state a claim against Defendant for conspiracy to deprive either Plaintiff or S.V. equal protection or equal privileges and immunities.

In addition, § 1985 actions are claims for improper state action. There are no factual allegations that Defendant was involved in any state action;

Finally, Plaintiff's § 1985(3), claims against Defendant are barred by the applicable statute of limitations. "There is no applicable federal statute of limitations relating to civil rights actions brought under

Sections 1983 and 1985. The time within which such action must be brought is to be determined by the laws of the state where the cause of action arose." *Crosswhite v. Brown,* 424 F.2d 495, 496 (10th Cir. 1970) (citations omitted). In Oklahoma, the applicable statute of limitations for civil rights claims under § 1985 is two (2) years. *Id.* at FN2. The actions complained of, which are state action, occurred more than two (2) years ago.

Accordingly, for the foregoing reasons, Plaintiff has failed to state a claim against Defendant under 42 U.S.C. 1985(3) as set forth in Count One of her Third Amended Complaint, and Defendant is entitled to dismissal of said Count.

## PROPOSITION III:

## PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST DEFENDANT FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

In Count Five of her Third Amended Complaint, Plaintiff alleges that "[d]uring the course of the civil conspiracy set forth above," Defendant "also intentionally inflicted emotional distress on the Plaintiff." However, Plaintiff's Third Amended Complaint fails to set forth sufficient factual allegations against Defendant to state a claim against Defendant for intentional infliction of emotional distress which is plausible on its face.

To recover damages for intentional infliction of emotional distress in Oklahoma, a plaintiff must demonstrate that: "(1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe." Ishmael v. Andrew, 137 P.3d 1271, 1277 (Okla Civ. App. 2006). The courts should determine whether the conduct at issue is sufficient under the extreme and outrageous standard as a matter of law. The court should determine whether a reasonable person could find that the conduct is so offensive, "as to go beyond all possible bounds of decency, and to be regarded

as atrocious, and utterly intolerable in a civilized community." Ishmael, at 1277.

In the case of Miner v. Mid-America Door Co., 68 P.3d 212, 223 (Okla. Civ. App. 2003) the court listed various cases where it was determined the conduct complained of was not sufficiently outrageous. Those cases include one where there were six events where lewd remarks were made about Plaintiff and embarrassing her by discussing her faults with co-workers; and, another in which it was claimed Plaintiff was called in the middle of the night, browbeaten for hours and derogatory sexual comments made about Plaintiff's fiancée.

Plaintiff has failed to state any factual allegations against Defendant which could be regarded as "atrocious, and utterly intolerable in a civilized community."

Plaintiff has failed to state a claim against Defendant for intentional infliction of emotional distress as set forth in Count Five of her Third Amended Complaint. Defendant is entitled to a dismissal of Count Five.

## PROPOSITION IV:

## PLAINTIFF HAS FAILED TO STATE A CLAIM ON BEHALF OF S.V.

In her Third Amended Complaint, Plaintiff alleges that she is acting as "next friend of S.V., a minor." S.V. is in the legal custody of her father, Tregg VanZandt. Plaintiff has only visitation rights to visit with S.V. As the parent who does not have legal custody, Plaintiff has no legal right to bring an action on behalf of S.V.

In addition, it is clear on the face of the Petition that Plaintiff is not acting in the best interests of S.V. Plaintiff has twice been the subject of a deprived child action for mental abuse of S.V. Neither of the deprived child actions made any allegations against the father. After the first deprived child action, Plaintiff ran away with S.V. and kept S.V. hidden from her father for more than three (3) years. After S.V.

was found and returned to Oklahoma, the father, Tregg VanZandt, gained custody of S.V. in the deprived child action. He has had custody of S.V. since August 2006. S.V. currently lives with Defendant and her father, Tregg VanZandt. By Plaintiff attempting to bring an action on behalf of S.V. against S.V.'s father and step-mother, Plaintiff is clearly not acting in the best interest of S.V. All claims brought by Plaintiff as next friend of S.V. should be dismissed. In the alternative, a guardian ad litem should be appointed for S.V., so the true best interests of the child can be respresented.

WHEREFORE, premises considered, the Defendant, Tabitha VanZandt, formerly McCurley, respectfully requests the Court to grant her Motion to Dismiss and to dismiss all of Plaintiffs' claims against her with prejudice to the re-filing thereof.

Respectfully submitted,

_s/Monte E. Johnson___________________
Monte E. Johnson
JOHNSON LAW OFFICE
209 North Oak Street
Sallisaw, Oklahoma 74955
Telephone: (918) 775-2223
Facsimile: (918) 775-2246
E-mail address for service:
kassiewebb@aol.com

ATTORNEY FOR DEFENDANT
TABITHA VANZANDT, FORMERLY MCCURLEY

AND

David Morse, Esq.
124 East Main Street
Norman, OK 73069
Telephone: (405)360-9600
Facsimile: (405) 447-4219
E-mail address for service:
dmorse@pitchlynnlaw.com

ATTORNEY FOR DEFENDANT
TABITHA VANZANDT, FORMERLY MCCURLEY

CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2009, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Ty Clevenger, Esq.
YOUNGKIN & ASSOCIATES
1716 Briarcrest Drive, Suite 206
Bryan, TX 77802
Attorney for Plaintiff
tyclevenger@yahoo.com

Scott D. Boughton
Assistant Attorney General
Oklahoma Attorney General's Office
Litigation Division
313 N.E. 21st Street
Oklahoma City, OK 73105
Attorney for Defendants Governor C. Brad Henry and The Honorable A.J. Henshaw
Scott.Boughton@oag.ok.gov

Momte E. Johnson, Esq.
209 North Oak Street
Sallisaw, OK 74955
Attorney for Defendants
Willard Jennings Owens,
Naomi Owens, Tregg VanZandt,
and Tabitha McCurly
kassiewebb@aol.com

Charles E. Wetsel, Esq.
ROBERTSON & WILLIAMS
3033 Northwest 63rd Street, Suite 200
Oklahoma City, OK 73006
Attorney for Defendants
Calming Connections, LLC,
Laurna Champ, and Teri Stacy
cwetsel@robertsonwilliams.com

Joseph Strealy, Asst. General Counsel
Richard W. Freeman, Jr., Asst. General Counsel
Oklahoma Department of Human Services
P.O. Box 53025
Oklahoma City, OK 73152-3025
Attorneys for Defendants, Howard Hendrick, Mary Williams, Joy Walker, Judy Wyatt, Patricia Kaufman, Michelle Wade, Kathalee Cole, Steven Edwards, Elaine Castleberry, Kathy Simms, Catherine Keen, Jeffell Hoffman, Nicki Weaver, Debbie Mannon
joseph.strealy@okdhs.org
Richard.freeman@okdhs.org

Jamison C. Whitson
COLLINS, ZORN & WAGNER, P.C.
429 NE 50th, Second Floor
Oklahoma City, OK 73105
Attorney for Defendants,
Sequoyah County, Oklahoma,
Cleon Harrell and Robert Gude
jwhitson@czwglaw.com

Andy A. Artus
COLLINS, ZORN & WAGNER, P.C.
429 NE 50th, Second Floor
Oklahoma City, OK 73105
Attorney for Defendant,
Sequoyah County, Oklahoma,
Cleon Harrell and Robert Gude
cjc@czwglaw.com
aaa@czwglaw.com

s/David Morse
David Morse