IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MISTY WILLIAMS, individually and<br>as next friend of S.V., a minor, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-08-1053-F |
| | ) | |
| BRAD HENRY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

_____

### DEFENDANT WILLARD JENNINGS OWENS
### MOTION TO DISMISS AND BRIEF IN SUPPORT

_____

David Morse, Esq.
124 East Main Street
Norman, OK 73069
Telephone: (405)360-9600
Facsimile: (405) 447-4219
E-mail address for service:
dmorse@pitchlynnlaw.com

ATTORNEY FOR DEFENDANT
WILLARD JENNINGS OWENS

Monte E. Johnson
JOHNSON LAW OFFICE
209 North Oak Street
Sallisaw, Oklahoma 74955
Telephone: (918) 775-2223
Facsimile: (918) 775-2246
E-mail address for service:
kassiewebb@aol.com

ATTORNEY FOR DEFENDANT
WILLARD JENNINGS OWENS

August 4, 2009

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITY...................................................................................... 2,3,4

BRIEF IN SUPPORT...........................................................................................5

STANDARD OF REVIEW.....................................................................................5

PROPOSITION I:

      PLAINTIFF HAS FAILED TO STATE A CLAIM
      AGAINST DEFENDANT FOR CIVIL CONSPIRACY..................................................6

PROPOSITION II:

      PLAINTIFF HAS FAILED TO STATE A CLAIM
      AGAINST DEFENDANT UNDER 42 U.S.C. § 1985(3)..................................................7

PROPOSITION III:

      PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST
      DEFENDANT FOR LIBEL AND SLANDER..................................................8

PROPOSITION IV:

      PLAINTIFF HAS FAILED TO STATE A CLAIM ON BEHALF OF S.V.............................9

PROPOSITION V:

      PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST DEFENDANT
      FOR INVASION OF PRIVACY BY PORTRAYING IN A FALSE LIGHT...........................10

PROPOSITION VI:

      PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST
      DEFENDANT FOR ASSAULT..................................................11

PROPOSITION VII:

PLAINTIFF HAS FAILED TO STATE A CLAIM
AGAINST DEFENDANT FOR RACKETEERING......................................................12

**CASES**                                                                                                  **PAGE**

*BancOklahoma Mortgage Corp. v. Capital Title Co.,*
    194 F.3d 1089, 1102 (10th Cir. 1999)....................................................  13

*Beedle v. Wilson,* 422 F.3d 1059, 1063 (10th Cir. 2005)..........................................  5

*Bell Atlantic Corp v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 1974,
    167 L. Ed. 2d 929 (2007)....................................................................  5

*Bird Construction v. Oklahoma City Housing Authority,* 110
    P.3d 560, 564 (Okla. Civ. App. 2005)....................................................  8

*Brock v. Thompson,* 948 P.2d 279, 294 (Okla. 1997)..........................................  6

*Crosswhite v. Brown,* 424 F.2d 495, 496 (10th Cir. 1970)......................................  7

*Fernandez v. Mora-San Miguel Elec. Co-op., Inc.,* 462 F.3d 1244,
    1252 (10th Cir. 2006)......................................................................  6

Glenn v. First Nat'l Bank in Grand Junction,
    868 F.2d 368, 371 (10th Cir. 1989........................................................  13

Hadnot v. Shaw 826 P.2d 978, 990 (Okla. 1992)................................................  10

*Ishmael v. Andrew,* 137 P.3d 1271, 1277 (Okla Civ. App. 2006)...........................  8

*Miner v. Mid-America Door Co.,* 68 P.3d 212, 223 (Okla. Civ. App. 2003)................  8

*Tal v. Hogan,* 453 F.3d 1244, 1261 (10th Cir. 2006)...........................................  12

Tanique v. Oklahoma Bureau of Narcotics, 99
    P.3d 1209, 1217 (Okla. Civ. App 2004)..................................................  10

*Tilton v. Richardson,* 6 F.3d 683, 686 (10th Cir. 1993).........................................  7

*Tonkovich v. Kansas board of Regents,* 159 F.3d 504, 533 (10th Cir. 1998)..............  6

## STATUTES

42 U.S.C. § 1985(3)..................................................................................... 7,8

12 O.S. § 1441.......................................................................................... 8

Title 12 O.S. § 1442.................................................................................... 8

12 O.S. § 95.............................................................................................. 8,11

18 U.S.C. § 1964........................................................................................ 12

18 U.S.C. § 1962........................................................................................ 12,13

18 U.S.C. § 1961........................................................................................ 12,13

## RULES

Rule 12(b)(6)............................................................................................. 5

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

MISTY WILLIAMS, individually and )
as next friend of S.V., a minor, )
                                   )
           Plaintiffs, )
                                    )
vs.                                 )      Case No. CIV-08-1053-F
                                    )
BRAD HENRY, et al.,              )
                                    )
           Defendants. )

## DEFENDANT WILLARD JENNINGS OWENS'
## MOTION TO DISMISS AND BRIEF IN SUPPORT

       The Defendant, Willard Jennings Owens ("Defendant"), files this Motion to Dismiss all of Plaintiff's claims against him pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. In support of this Motion, Defendant submits the following Brief in Support.

## BRIEF IN SUPPORT

### STANDARD OF REVIEW

       In considering a 12(b)(6) motion, the truth of a plaintiff's factual allegations must be viewed in the light most favorable to the plaintiff. *Beedle v. Wilson,* 422 F.3d 1059, 1063 (10th Cir. 2005). In this regard, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." **Bell Atlantic Corp v. Twombly,** 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007) (abrogating **Conley v. Gibson,** 355 U.S. 41(1957)). Furthermore, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic,* 127 S. Ct. at 1965. The complaint must possess enough heft to "show that the pleader is entitled to relief." *Id.* At 1966. It is the plaintiff's duty to furnish factual "allegations plausible suggesting (not merely consistent with)" an entitlement to relief. *Id.*

5

<u>PROPOSITION I:</u>

PLAINTIFF HAS FAILED TO STATE A CLAIM
AGAINST DEFENDANT FOR CIVIL CONSPIRACY

Plaintiff claims damages on behalf of herself and S.V. against each named defendant, except

Defendant Henry, for all causes of action because she alleges that every Defendant has participated in a

civil conspiracy against Plaintiff and S.V.   However, Plaintiff's Third Amended Complaint does not set forth

sufficient facts to state a claim against Defendant for civil conspiracy which is plausible on its fact.

The Oklahoma Supreme Court has held that:

> A civil conspiracy consists of a combination of two or more persons
> to do an unlawful act, or to do a lawful act by unlawful means.  Unlike
> its criminal counterpart, civil conspiracy itself does not create liability.
> To be liable the conspirators must pursue an independently unlawful
> purpose or use an independently unlawful means.  There can be no
> civil conspiracy where the act complained of an the means employed
> are lawful.

*Brock v. Thompson,* 948 P.2d 279, 294 (Okla. 1997) (emphasis in original).  Furthermore, "[a] conspiracy

between two or more persons to injure another is not enough; an underlying unlawful act is necessary to

prevail on a claim of civil conspiracy." *Id.* At FN67 (citation omitted).

To prevail on a claim of conspiracy, a plaintiff must demonstrate "a single plan, the essential and

general scope of which was known to each person who is to be held responsible for its consequences."

*Fernandez v. Mora-San Miguel Elec. Co-op., Inc.,* 462 F.3d 1244, 1252 (10th Cir. 2006) (quoting *Snell*

*v. Tunnell,* 920 F.2d 673, 702 (10 Cir. 1990)).  Furthermore, a claim of conspiracy requires more than

conclusory allegations; in order to state a claim for civil conspiracy, "a plaintiff must allege specific facts

showing an agreement and concerted action amongst the defendants."  *Tonkovich v. Kansas Board of*

*Regents,* 159 F.3d 504, 533 (10th Cir. 1998).

Here, Plaintiff's sole allegations of fact against Defendant are set forth in ¶¶ 42, 43, and 70 of

Plaintiff's Third Amended Complaint. In none of these paragraphs is there a factual allegation of an agreed plan to commit unlawful acts. Therefore Plaintiff has failed to state a claim for conspiracy against Defendant with regard to her Third Amended Complaint.

<u>PROPOSITION II:</u>

**PLAINTIFF HAS FAILED TO STATE A CLAIM
AGAINST DEFENDANT UNDER 42 U.S.C. § 1985(3)**

In Count One of the Third Amended Complaint, Plaintiff asserts a claim against each named defendant, except Defendant Henry, pursuant to 42 U.S.C. § 1985(3) "because each and every Defendant has participated in a conspiracy to deprive them [presumably, both Plaintiff and S.V.] of the equal protection of the laws and equal privileges and immunities under the law." However, for the following reasons, Plaintiff has failed to state a claim against Defendant under § 1985(3) upon which relief can be granted.

In order to state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege "(1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom." *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993) Plaintiff has wholly failed to state a claim against Defendant for conspiracy to deprive either Plaintiff or S.V. equal protection or equal privileges and immunities.

In addition, § 1985 actions are claims for improper state action. There are no factual allegations that Defendant was involved in any state action; nor are there any factual allegations supporting a claim of conspiracy with the state.

Finally, Plaintiff's § 1985(3), claims against Defendant are barred by the applicable statute of limitations. "There is no applicable federal statute of limitations relating to civil rights actions brought under Sections 1983 and 1985. The time within which such action must be brought is to be determined by the laws of the state where the cause of action arose." *Crosswhite v. Brown*, 424 F.2d 495, 496 (10th Cir.

1970) (citations omitted).  In Oklahoma, the applicable statute of limitations for civil rights claims under §

1985 is two (2) years.  *Id.* at FN2.  The actions complained of, which are state action, occurred more than

two (2) years ago.

Accordingly, for the foregoing reasons, Plaintiff has failed to state a claim against Defendant under

42 U.S.C. 1985(3) as set forth in Count One of her Third Amended Complaint, and Defendant is entitled to

dismissal of said Count.

<u>PROPOSITION III:</u>

**PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST DEFENDANT
FOR LIBEL AND SLANDER**

Libel is a form of defamation which requires: (1) a false and defamatory statement concerning

another; (2) an unprivileged communication to a third party; (3) fault amount to at least negligence on the

part of the publisher; (4) either actionability of the statement irrespective of special harm or the existence of

a special harm caused by the publication.  **<u>Bird Construction</u> v. <u>Oklahoma City Housing Authority,</u> 110**

**P.3d 560, 564 (Okla. Civ. App. 2005)**  The publication must also be in writing or printing. 12 O.S. § 1441.

In addition, any action for libel must be brought within one (1) year.  Title 12 O.S. § 95  The only

factual allegation of libelous publications that could possibly fall under libel were oral statements made in

2006.

There is no allegation in Plaintiff's Third Amended Complaint of any writing or printing by

Defendant.  Plaintiff has failed to state a claim against Defendant for Libel as set forth in Count Six of her

Third Amended Complaint.

Slander is a false and unprivileged publication, other than libel which, "by natural consequences,

causes actual damage."  Title 12 O.S. § 1442.

In ¶ 70 of said Third Amended Complaint, Plaintiff alleged Defendant made false and defamatory

8

statements that Plaintiff had a "long history of mental illness and that she was an unfit parent." Said statements were alleged to have been made to a DHS investigator who was interviewing Defendant as an investigation of DHS.

Plaintiff's allegations are that Defendant made false statements to a DHS investigator, who is required by law to keep the statements of Defendant confidential. Further, Plaintiff has failed to state how it could be that she suffered actual damages as a result of a confidential interview between Defendant and a DHS investigator.

Plaintiff has failed to state a claim against Defendant for Slander as set forth in Count Six of her Third Amended Complaint.

<u>PROPOSITION IV:</u>

**PLAINTIFF HAS FAILED TO STATE A CLAIM ON BEHALF OF S.V.**

In her Third Amended Complaint, Plaintiff alleges that she is acting as "next friend of S.V., a minor." S.V. is in the legal custody of her father, Tregg VanZandt. Plaintiff has only visitation rights to visit with S.V. As the parent who does not have legal custody, Plaintiff has no legal right to bring an action on behalf of S.V.

In addition, it is clear on the face of the Complaint that Plaintiff is not acting in the best interests of S.V. Plaintiff has twice been the subject of a deprived child action for mental abuse of S.V. Neither of the deprived child actions made any allegations against the father. After the first deprived child action, Plaintiff ran away with S.V. and kept S.V. hidden from her father for more than three (3) years. After S.V. was found and returned to Oklahoma, the father, Tregg VanZandt, gained custody of S.V. in the deprived child action. He has had custody of S.V. since August, 2006. S.V. currently lives with her father, Tregg VanZandt. By Plaintiff attempting to bring an action on behalf of S.V. against S.V.'s father S.V.'s step-

9

mother, S.V.'s step-grandfather and S.V.'s grandmother, Plaintiff is clearly not acting in the best interest of S.V.  All claims brought by Plaintiff as next friend of S.V. should be dismissed.

In the alternative, a guardian ad litem should be appointed on behalf of S.V. so the true best interests of the child can be represented and not the interests of the mother who is using this child as a tool or weapon of revenge.

## PROPOSITION V:

### PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST DEFENDANT FOR INVASION OF PRIVACY BY PORTRAYING IN A FALSE LIGHT

In order to recover for false light invasion of privacy, the Plaintiff must show:  (1) the Defendant gave publicity to a matter concerning the Plaintiff that placed the Plaintiff before the public in a false light; (2) the false light in which the Plaintiff was placed would be highly offensive to a reasonable person; and, (3) the Defendant had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed.  Tanique v. Oklahoma Bureau of Narcotics, 99 P.3d 1209, 1217 (Okla. Civ. App 2004).

An action for false light invasion of privacy will lie only in the presence of extreme and outrageous conduct.  Tanique, at 1217.

Further, "publicity" means that the matter is made public.  It is not an invasion of the right of privacy to communicate a fact concerning the Plaintiff's private life to a single person or even to a small group of persons.  Hadnot v. Shaw 826 P.2d 978, 990 (Okla. 1992).

In ¶ 70 of the Third Amended Complaint, Plaintiff complains of statements made by Defendant to an investigator for DHS, Niki Weaver.  Those statements, that Plaintiff "had a long history of mental illness and that she was an unfit parent" do not constitute "publicity" as the statements alleged were given to only

one person and were made to a DHS investigator.  It was presumed any statements made to the DHS would <u>not</u> be made public.

Those are the only factual allegations which could be construed as facts for the basis of the invasion of privacy claim.  Plaintiff has failed to state a claim against Defendant for Invasion of Privacy as set forth in Count Seven of her Third Amended Complaint.  Defendant is entitled to dismissal of Count Seven.

<u>PROPOSITION VI:</u>

**PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST DEFENDANT FOR ASSAULT**

In Count Eight of her Third Amended Complaint, Plaintiff claims damages on behalf of S.V. for injuries resulting from sexual assault.  Any and all facts which Plaintiff has alleged in her Complaint relate to claims of sexual assault which occurred in 2002.  All such claims are barred by the two (2) year statute of limitations.  12 O.S. § 95.

Further, Title 12 O.S. § 95(b) as relates to an action for sexual abuse of a child requires that the action be based upon "objective verifiable evidence."  Plaintiff has not alleged any objective verifiable evidence of sexual abuse of S.V.  The only evidence alleged are hearsay statements attributed to S.V. and an allegation in ¶ 37 that S.V. had genital warts.  Plaintiff is aware from testimony in her divorce case that: (1) genital warts was never confirmed as a diagnosis; and, (2) the existence of genital warts does not tend to prove sexual abuse or sexual contact because genital warts can be contracted in a variety of ways.

Plaintiff has failed to state a claim against Defendant for Assault as set forth in Count Eight of Plaintiff's Third Amended Complaint.  Defendant is entitled to dismissal of Count Eight.

<u>PROPOSITION VII:</u>

**PLAINTIFF HAS FAILED TO STATE A CLAIM
AGAINST DEFENDANT FOR RACKETEERING**

In Count Ten of her Third Amended Complaint, Plaintiff claims damages on behalf of herself and S.V. under 18 U.S.C. § 1964 for injuries they allegedly suffered as a result of the Defendant's involvement in a racketeering enterprise.  However, Plaintiff's Third Amended Complaint fails to set forth sufficient factual allegations against Defendant to state a claim against Defendant for racketeering which is plausible on its face.

18 USC § 1964 states in relevant part that "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court…" (Emphasis added).  In this regard, the element of a civil RICO claim under § 1964 are: "(1) investment in, control, or conduct of (2) an enterprise (3) through a pattern (4) of racketeering activity," *Tal v. Hogan,* 453 F.3d 1244, 1261 (10th Cir. 2006).  These elements correspond the subsections (a), (b), and (c) of 18 U.S.C. § 1962.

Plaintiff's claim of racketeering against Defendant must fail because Plaintiff's Third Amended Complaint fails to identify any predicate acts on behalf of Defendant.  In order to show a violation of subsections (a), (b), or (c) of 18 U.S.C. § 1962, Plaintiff must demonstrate a "pattern of racketeering activity" on the part of Defendant.  "Racketeering activity" as used in those subsections is defined at 18 U.S.C. § 1961(1) as "any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical…which is chargeable under State law and punishable by imprisonment for more than one year", as well as any act which is indictable under certain specified provisions of federal law.  Those underlying acts are 'referred to

as predicate acts, because they form the basis for liability under RICO.'" *Tal, supra.* (quoting *BancOklahoma Mortgage Corp. v. Capital Title Co.,* 194 F.3d 1089, 1102 (10th Cir. 1999)).

Furthermore, "pattern of racketeering activity" as used in subsections (a), (b), or (c) of 18 U.S.C. § 1962 is defined at 18 U.S.C. § 1961(d) as requiring "at least two acts of racketeering activity, on of which occurred after the effective date of this chapter and the last of which occurred within ten years…after the commission of a prior act of racketeering activity". Here, Plaintiff has utterly failed to specifically identify any predicate act by Defendant, much less a pattern thereof. She has failed to specifically identify any act of Defendant which is punishable under Oklahoma law by imprisonment for more than one year or which is indictable under any of the provisions of federal law set forth in § 1961(1). In this regard, Plaintiff's allegations against Defendant are so vague and conclusory that they fail to state a claim against Defendant for racketeering which is plausible on its face. As such, dismissal of the claim is appropriate. *See Glenn v. First Nat'l Bank in Grand Junction,* 868 F.2d 368, 371 (10th Cir. 1989).

Plaintiff has failed to state a claim against Defendant for racketeering as set forth in Count Ten of her Third Amended Complaint, and Defendant is entitled to dismissal of said Count.

WHEREFORE, premises considered, the Defendant, Willard Jennings Owens, respectfully requests the Court to grant his Motion to Dismiss and to dismiss all of Plaintiffs' claims against him with prejudice to the re-filing thereof.

Respectfully submitted,

_s/Monte E. Johnson_____
Monte E. Johnson
JOHNSON LAW OFFICE
209 North Oak Street
Sallisaw, Oklahoma 74955
Telephone: (918) 775-2223

13

Facsimile: (918) 775-2246
E-mail address for service:
kassiewebb@aol.com

ATTORNEY FOR DEFENDANT
WILLARD JENNINGS OWENS

AND

David Morse, Esq.
124 East Main Street
Norman, OK 73069
Telephone: (405)360-9600
Facsimile: (405) 447-4219
E-mail address for service:
dmorse@pitchlynnlaw.com

ATTORNEY FOR DEFENDANT
WILLARD JENNINGS OWENS


## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2009, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Ty Clevenger, Esq.
YOUNGKIN & ASSOCIATES
1716 Briarcrest Drive, Suite 206
Bryan, TX 77802
Attorney for Plaintiff
tyclevenger@yahoo.com

Scott D. Boughton
Assistant Attorney General
Oklahoma Attorney General's Office
Litigation Division
313 N.E. 21st Street
Oklahoma City, OK 73105
Attorney for Defendants Governor C. Brad
Henry and The Honorable A.J. Henshaw
Scott.Boughton@oag.ok.gov

Monte E. Johnson, Esq.
209 North Oak Street
Sallisaw, OK 74955
Attorney for Defendants
Willard Jennings Owens,
Naomi Owens, Tregg VanZandt,
and Tabitha McCurly
kassiewebb@aol.com

Charles E. Wetsel, Esq.
ROBERTSON & WILLIAMS
3033 Northwest 63rd Street, Suite 200
Oklahoma City, OK 73006
Attorney for Defendants
Calming Connections, LLC,
Laurna Champ, and Teri Stacy
cwetsel@robertsonwilliams.com

Joseph Strealy, Asst. General Counsel
Richard W. Freeman, Jr., Asst. General Counsel
Oklahoma Department of Human Services
P.O. Box 53025
Oklahoma City, OK 73152-3025
Attorneys for Defendants, Howard Hendrick, Mary Williams, Joy Walker, Judy Wyatt, Patricia Kaufman, Michelle Wade, Kathalee Cole, Steven Edwards, Elaine Castleberry, Kathy Simms, Catherine Keen, Jeffell Hoffman, Nicki Weaver, Debbie Mannon
joseph.strealy@okdhs.org
Richard.freeman@okdhs.org

Jamison C. Whitson
COLLINS, ZORN & WAGNER, P.C.
429 NE 50th, Second Floor
Oklahoma City, OK 73105
Attorney for Defendants,
Sequoyah County, Oklahoma,
Cleon Harrell and Robert Gude
jwhitson@czwglaw.com

Andy A. Artus
COLLINS, ZORN & WAGNER, P.C.
429 NE 50th, Second Floor
Oklahoma City, OK 73105
Attorney for Defendant,
Sequoyah County, Oklahoma,
Cleon Harrell and Robert Gude
cjc@czwglaw.com
aaa@czwglaw.com

s/David Morse
David Morse